**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SLOOTH, INC.** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-35-P** |
| | § | |
| **KICKZ, ET AL.** | § | |
| **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF
SLOOTH, INC.'S FAILURE TO OBTAIN COUNSEL**

On February 2, 2026, the Court ordered that Plaintiff SLOOTH, Inc. ("Plaintiff") "shall, no later than **February 16, 2026, obtain counsel**" and warned that "[f]ailure to timely comply with this order will result in the undersigned recommending dismissal of this action." (Order Requiring Plaintiff SLOOTH, Inc. to Obtain Counsel ("First Order") at 1 (emphasis in the original).) On February 12, 2026, an unsigned notice of attorney appearance was filed by Deatria Norfleet on behalf of Plaintiff. (Notice of Attorney Appearance at 2.) The Court struck the notice because Deatria Norfleet failed to sign the document as required by the Federal Rules of Civil Procedure ("Rule" or Rules") and the Local Rules of the Northern District of Texas. (February 12th Notice of Deficiency at 1.) The next day, Plaintiff requested a thirty-day extension to obtain counsel. (Plaintiff SLOOTH, Inc.'s Motion For 30-Day Extension Of Time To Secure Counsel at 1.) The Court partially granted the motion and gave Plaintiff until March 2, 2026, to obtain counsel. (*See* February 13th Electronic Order.) Further, the Court warned that "pursuant to the Court's Order Requiring Plaintiff to Obtain Counsel [9], the Court will recommend dismissal of this action without further notice if this extended deadline is not met." (*Id.*) As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has failed to comply with this Court's Orders.

Rule 41(b) authorizes a court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Winegarner v. Cinemark, USA*, 2009 WL 3199508, *2 (October 5,

2009)).  Although the language of rule 41(b) specifically addresses dismissal pursuant to a motion brought by a defendant, the Fifth Circuit has recognized that a court's authority to dismiss a case *sua sponte* under rule 41(b) flows from its inherent power to control its docket and prevent undue delays in the disposition of pending cases.  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626(1962)).

In the instant case, Plaintiff has been given ample opportunity to obtain counsel.  The fact that Plaintiff is proceeding *pro se* does not excuse Plaintiff from following the orders of the Court. The Court therefore **RECOMMENDS** dismissal of this case without prejudice pursuant to FRCP 41(b).  *See Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2013 WL 1196536, at *8 (E.D. Tex. Feb. 21, 2013) ("When a corporation is unrepresented by counsel, the court may properly dismiss its claims.").

<u>**NOTICE OF RIGHT TO OBJECT TO PROPOSED**</u>
<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF**</u>
<u>**FAILURE TO OBJECT**</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 19, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 5, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE